```
                                          FILED
                                    U.S. DISTRICT COURT
                                  EASTERN DISTRICT OF LA

                                   2005 FEB 11  PM 2:54

                                    LORETTA G. WHYTE
                                          CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 00-269 |
| v. | * | SECTION: "N" |
| MARK THEVENOT | * | |
| * * * | | |

### RULE TO REVOKE SUPERVISED RELEASE

NOW INTO COURT comes the United States of America, through the undersigned Assistant United States Attorney, and respectfully represents:

Defendant, **MARK THEVENOT**, was convicted in the Eastern District of Louisiana on March 28, 2001, for violating Title 18, United States Code, Sections 371 conspiracy to embezzle from foreign and interstate shipments. Thevenot was sentenced to twelve (12) months imprisonment and a three (3) year term of supervised release. (A copy of the Judgment and Probation/Commitment Order is attached as Exhibit 1.)

The terms and conditions of Thevenots' supervised release are set forth in the Judgment as well as in the Petition for Warrant or Summons for Offender Under Supervision filed on February 4, 2005. (A Copy of the Petition for Warrant or Summons for Offender Under Supervision is attached as Exhibit 2 and incorporated by reference.)

```
DATE OF ENTRY
  FEB 15 2005
```



Thevenot violated the terms and conditions of his supervised release in the manner set forth in Exhibit 2.

WHEREFORE, the government prays that Thevenot be brought before this Court and a copy of this Rule be served upon him, and that he be ordered to show cause before this Court why supervised release should not be revoked for his failure to abide by the terms of said supervised release.

                Respectfully submitted,

                JIM LETTEN
                UNITED STATES ATTORNEY

                MICHAEL W. MAGNER (1206)
                Assistant United States Attorney
                Hale Boggs Federal Building
                500 Poydras Street, Second Floor
                New Orleans, Louisiana 70130
                Telephone: (504) 680-3103

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this ___ day of February, 2005.

Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-269 |
| v. | * | SECTION: "N" |
| MARK THEVENOT | * | |
| * * * | | |

### ORDER

Considering the foregoing Rule to Revoke Supervised Release,

IT IS HEREBY ORDERED that **MARK THEVENOT** appear before this Court on the 16th day of March, 2005 at 9:30 o'clock a.m. to show cause why supervised release should not be revoked.

New Orleans, Louisiana, this 14th day of February, 2005.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 MAR 29 PM 12: 32
LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA

vs   MARK THEVENOT                       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                      CRIMINAL ACTION
                                                                          00-269-N

113 Fieldcrest Pkwy, Youngsville, LA 70592   (SOCIAL SECURITY NO.)   (CASE NO./SECTION)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government,       Month   Day   Year
the defendant appeared in person on this date -------------(   MARCH 28, 2001   )

__ WITHOUT COUNSEL    However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

X  WITH COUNSEL       Harry Boyer, Esq.
                      (Name of Counsel)

Court Recorder: D. Malouse       Probation Officer: Catherine Harbison

PLEA:  x GUILTY, and the court being satisfied  __NOLO CONTENDERE  __NOT GUILTY
       that there is a factual basis for the plea.

There being a finding of    (__NOT GUILTY. Defendant is discharged.
                            (x GUILTY as to Count 1 on October 25, 2000

Defendant has been convicted as charged of the offense(s) of 18:371, Conspiracy to Embezzle from Foreign and Interstate Shipments as charged in the Indictment

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term 12 months, as to Count 1. The Court recommends that the Bureau of Prisons designate the City of Faith, Community Correctional Center in Lafayette, Louisiana, for service of sentence. IT IS FURTHER ORDERED that the defendant shall make restitution to Silocaf of New Orleans, Inc., 5240 Coffee Drive, New Orleans, LA 70115 in the amount of $45,000.00. The Court finds that the defendant does not have the ability to pay interest on the restitution. The Court will waive the interest requirement in this case. The payment of the restitution of $45,000.00 shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $800.00 per month. Upon Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years, as to Count 1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district in which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this court, and shall not possess a firearm. In addition to the standard conditions of supervision, the defendant shall comply with the following special conditions: 1) The defendant shall provide the probation officer with access to any requested financial information. 2) The defendant shall participate in an orientation and life skills program as directed by the probation officer. 3) The defendant shall pay any restitution that is imposed by this judgment. The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.
On Motion of the Government, IT IS ORDERED that Counts 2-5 be and are hereby DISMISSED.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $50.00 as to Count 1.

IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of supervision imposed above, IT IS HEREBY ORDERED that the general conditions of probation/supervised release set out on the reverse side be imposed.

SIGNED BY:
x  U.S. District Judge
__ U.S. Magistrate  _____

(Date) 3-29-01

GOVERNMENT EXHIBIT 1

CERTIFIED AS A TRUE COPY
ON THIS DATE 3-29-01
BY: _____
      Deputy Clerk

Fee _____
Process _____
X Dk'd _____
CtRmDep _____
Doc.No. _____

Prob12C (7/93)

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 FEB -4 PM 1: 12
LORETTA G. WHYTE
CLERK

### PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Name of Offender: MARK STEPHEN THEVENOT        Case Number: 053L 2:00CR00269-003N

Name of Sentencing Judicial Officer: Honorable Edith Brown Clement*

*This case was reallotted to the Honorable Kurt D. Englehardt

Offense: 18 U.S.C. 371 - Conspiracy to embezzle from foreign and interstate shipment

Date of Sentence: March 28, 2001

Sentence: Twelve months custody of the Bureau of Prisons to be followed by a three year term of supervised release. A $100.00 special assessment fee was also ordered.

Special Conditions:

1. Orientation and life skills
2. Financial disclosure
3. Restitution payment in the amount of $45,000.00, to be paid at the rate of $800.00 per month

Type of Supervision:   Supervised Release        Date Supervision Commenced: April 22, 2002

Assistant U.S. Attorney:   Michael W. Magner        Defense Attorney: Joseph Landry

---

## PETITIONING THE COURT

[ ] To issue a warrant                                            [ X ] To issue a summons

For the appearance of Mark Stephen Thevenot before Louis Moore Jr. on February 09, 2005, at 2:00 P.M. for an Initial Appearance Hearing and before this court (to be scheduled), to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Mandatory Condition: | On January 25, 2005, Mark Thevenot was arrested by personnel of the Kenner Police Department and charged with driving while intoxicated, having an open alcohol container in vehicle, driving under a suspended license, and licensee failing to change address. Thevenot was released from the Jefferson Parish East Bank lock up in lieu of a $1,550.00 bond. He is scheduled to appear in First Parish Court on March 28, 2005. |
| | On August 24, 2003, Mark Thevenot was arrested by personnel of the Kenner Police Department and charged with operating a vehicle while intoxicated, reckless operation of a vehicle, and hit and run driving. This case is set for trial in First Parish Court on February 14, 2005. |

___ Fee ___
___ Process ___
_X_ Dktd ___
_✓_ CrtmDep ___
___ Doc. No ___

**GOVERNMENT EXHIBIT 2**

Special Condition No 3:    Thevenot has not paid his restitution as ordered by the court. He owes an outstanding balance of $31,505.00, with the last payment being made January 10, 2005. He is in arrears $12,905.00.

**CUSTODIAL STATUS :**

Mark Thevenot is not is custody at this time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 31, 2005

_____
Daryl A. Naquin
U.S. Probation Officer

REVIEWED BY:

_____
Matthew G. Arseneaux
Supervising U. S. Probation Officer

---

**THE COURT ORDERS**

[ ]   No Action
[ ]   The Issuance of a Warrant
[✓]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

February 4, 2005
Date

CLERK'S OFFICE
A TRUE COPY

FEB - 4 2005

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

Address of Offender:    3550 Grandlake Blvd. Apt D-308
                        Kenner, LA 70065

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
   Original       - Clerk's Office
   1 Copy Certified   - U.S. Attorney
   1 Copy Certified   - U.S. Marshal's Office
   2 Copies Certified - U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING

