

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 00-269 |
| MARK STEPHEN THEVENOT | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

THE DEFENDANT, MARK STEPHEN THEVENOT, CAME AND APPEARED BEFORE THIS COURT WITH COUNSEL ON JANUARY 18, 2006, FOR A HEARING ON THE GOVERNMENT'S RULE TO REVOKE SUPERVISED RELEASE. AFTER THE DEFENDANT ENTERED A GUILTY PLEA TO A CHARGE OF CONSPIRACY TO DEFRAUD THE UNITED STATES, IN VIOLATION OF 18 U.S.C. § 371, HE WAS SENTENCED ON MARCH 28, 2001 TO TWELVE MONTHS IMPRISONMENT, FOLLOWED BY A THREE-YEAR TERM OF SUPERVISED RELEASE UPON HIS RELEASE FROM CONFINEMENT. THE DEFENDANT WAS ORDERED TO COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT, AND PROHIBITED FROM POSSESSING A FIREARM. IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS WERE IMPOSED: (1) PARTICIPATION IN AN ORIENTATION AND LIFE SKILLS PROGRAM; (2) THAT THE DEFENDANT PAY RESEITUTION IN THE AMOUNT OF



$45,000.00 AT A MONTHLY RATE OF $800.00; AND (3) THAT THE DEFENDANT PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION. MR. THEVENOT'S TERM OF SUPERVISED RELEASE COMMENCED ON APRIL 22, 2002.

THE COURT FINDS THAT THE DEFENDANT, MARK THEVENOT, HAS VIOLATED THE TERMS AND CONDITIONS OF HIS TERM OF SUPERVISED RELEASE BY: (1) BEING ARRESTED FOR DRIVING WHILE INTOXICATED, HAVING AN OPEN CONTAINER IN A VEHICLE, DRIVING UNDER A SUSPENDED LICENSE AND FAILING TO CHANGE HIS ADDRESS ON HIS LICENSE; (2) BEING ARRESTED FOR OPERATING A VEHICLE WHILE INTOXICATED, RECKLESS OPERATION OF A VEHICLE, AND HIT AND RUN DRIVING; AND (3) FAILING TO PAY RESTITUTION AS ORDERED.

PURSUANT TO THE CHAPTER 7 POLICY STATEMENTS, THE APPLICABLE RANGE OF PRISON TIME DEPENDS ON THE DEFENDANT'S CRIMINAL HISTORY CATEGORY AND THE GRADE OF THE SUPERVISED RELEASE VIOLATION. ACCORDING TO POLICY STATEMENT §7B1.1(B), WHEN THERE IS MORE THAN ONE VIOLATION OF THE CONDITIONS OF SUPERVISION, THE GRADE OF THE SUPERVISED RELEASE VIOLATION IS DETERMINED BY THE VIOLATION HAVING THE MOST SERIOUS GRADE. HERE, THE DEFENDANT'S CRIMINAL HISTORY CATEGORY IS A "I," AND THE SUPERVISED RELEASE VIOLATION IS A "GRADE C" VIOLATION. ACCORDINGLY, THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT IS 3-9 MONTHS.

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS AMENDED AND AS MODIFIED BY THE RECENT U.S. SUPREME COURT DECISION IN *UNITED STATES v. BOOKER* AND *UNITED STATES v. FANFAN*, 125 S. CT. 738 (2005), IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IMPOSED ON MARCH 28, 2001, IS REVOKED, AND THAT THE DEFENDANT, MARK THEVENOT, IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF NINE(9) MONTHS.

THE COURT HAS IMPOSED THE MAXIMUM TERM OF IMPRISONMENT PROVIDED BY THIS RANGE BECAUSE OF THE SERIOUSNESS OF THE VIOLAITONS OF THE CONDITIONS OF SUPERVISED RELEASE COMMITTED BY MR. THEVENOT. HE COULD HAVE SERIOUSLY INJURED EITHER HIMSELF OR ANOTHER BY OPERATING A MOTOR VEHICLE IN A DRUNKEN STATE. FURTHERMORE, HE WAS ARRESTED A SECOND TIME FOR DRIVING UNDER THE INFLUENCE OF ALCHOHOL, AND OTHER RELATED TRAFFIC OFFENSES, DESPITE HAVING BEEN WARNED BY THE FIRST ARRESTING OFFICER OF THE DANGER OF DRIVING UNDER THE INFLUENCE AND THE CONSEQUENCES OF ANY FUTURE ARRESTS OR VIOLATIONS FOLLOWING HIS FIRST ARREST FOR DWI. THE COURT BELIEVES THAT THIS TERM OF IMPRISONMENT WILL ALLOW DEFENDANT ADDITIONAL OPPORTUNITY TO BENEFIT FROM SUBSTANCE ABUSE TREATMENT PROGRAMS, AND POSSIBLY EDUCATIONAL AND/OR VOCATIONAL TRAINING, OFFERED THROUGH THE BUREAU OF PRISONS.

THE COURT FURTHER ORDERS THAT, UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT WILL NOT BE PLACED ON SUPERVISED RELEASE AGAIN. THE DEFENDANT'S OBLIGATION TO PAY RESTITUTION AND THE SPECIAL ASSESSMENT REMAINS.

THE COURT RECOMMENDS TO THE BUREAU OF PRISONS THAT, IF POSSIBLE, THE DEFENDANT BE ASSIGNED TO A FACILITY WHERE HE CAN RECEIVE TREATMENT FOR SUBSTANCE ABUSE AND, OF SECONDARY IMPORTANCE, PARTICIPATE IN EDUCATIONAL AND/OR VOCATIONAL PROGRAMS. THE COURT FURTHER RECOMMENDS THAT MR. THEVENOT BE PLACED IN A FACILITY AS CLOSE TO SOUTHEASTERN LOUISIANA AS POSSIBLE.

**IT IS FURTHER ORDERED** THAT MARK THEVENOT SURRENDER TO THE CUSTODY OF THE UNITED STATES MARSHAL AT 4:30 P.M. ON FRIDAY, JANUARY 20, 2006.

NEW ORLEANS, LOUISIANA, THIS 20th DAY OF JANUARY, 2006.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**